**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| CHERYL DAVIS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>RECONTRUST COMPANY, N.A., *et al.*,<br><br>　　　　　Defendants. | Case No. 2:12-cv-00212-KJD-GWF<br><br>**ORDER** |

　　　　Before the Court are Defendants' Motion to Dismiss and Motion for Sanctions (#57/#58). Plaintiff filed a response in opposition (#70) to which Defendants replied (#74).

I.  Background

　　　　Plaintiff executed a promissory note for $1,680,000 for the purchase of the subject property located at 800 Majestic Ridge Court, Henderson, Nevada, 89052 on November 19, 2004.  The note was secured by a first deed of trust for the benefit of Barrington Capital Corporation.  Defendant Bank of America ("BOA") later acquired Plaintiff's loan.  (#15 at 4; ¶ 11).  After defaulting on her mortgage, Plaintiff sought short sale approval from BOA.  (#15 at 5; ¶ 15).  Unsuccessful in obtaining short sale approval, Plaintiff filed the present action against Defendants seeking damages in January 2012 alleging that Defendants improperly acted in declining her short sale request.  (#1 at Ex. A).

　　　　In December of 2012, Plaintiff filed a voluntary Chapter 7 bankruptcy petition.  (#70 at 3; 11).  In Schedule D of Plaintiff's bankruptcy petition, BOA was listed as a creditor and the claim was marked as DISPUTED.  (#70 at 3; 24-25).  In the bankruptcy schedules, Plaintiff did not

disclose her January 2012 lawsuit claims as assets.  (#57 at Ex. A).  In the bankruptcy Statement of Financial Affairs, Plaintiff did not list the January 2012 lawsuit.  (#57 at Ex. B).

During the 341a Meeting of Creditors, the bankruptcy Trustee ("Trustee") asked Plaintiff whether she had the right to sue anybody for any reason.  (#70 at Ex. 4).  Plaintiff responded that she was suing Defendants on the grounds that Defendants did not have a clear chain of title and that Defendants would not help Plaintiff with her house.  (#70 at Ex. 4).  Also during the 341a Meeting of Creditors, Trustee was informed that Plaintiff's real property was underwater and thus had no value to the bankruptcy estate.  (#70 at Ex. 5; ¶ 5).  Further, no mention of Plaintiff's attempt to obtain monetary damages in the January 2012 lawsuit was made to Trustee during the 341a Meeting of Creditors.  (#70 at Ex. 4).

Plaintiff received a discharge of her bankruptcy case in March of 2013.  (#57 at Ex. C).  Thereafter, Plaintiff's counsel contacted Trustee's office seeking a letter from Trustee granting Plaintiff permission to proceed with the January 2012 litigation.  (#70 at Ex. 2).  However, Plaintiff provided no letter or response from Trustee granting Plaintiff permission to proceed with the January 2012 litigation.  In February 2014, Defendants filed the present motion to dismiss and for sanctions.

II.  Discussion

A.  Legal Standard for Motion to Dismiss

Pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), a complaint is subject to dismissal when the plaintiff's allegations fail to state a claim upon which relief can be granted.  In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party."  Wyler Summit P'ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).  Consequently, there is a strong presumption against dismissing an action for failure to state a claim.  Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

2

relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The plausibility standard is "more than a sheer possibility that a defendant has acted unlawfully[,]" yet less than a "probability requirement[.]" Id. The Iqbal evaluation illustrates a two-prong analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949-51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. If the allegations state plausible claims for relief, such claims survive the motion to dismiss. Id. at 1950.

B.  Judicial Estoppel

In federal court, application of judicial estoppel is governed by federal law. Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC, 692 F.3d 983, 992 (9th Cir. 2012). The United States Supreme Court has identified three factors courts should consider in determining whether to apply judicial estoppel:

> First, a party's later position must be clearly inconsistent with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled. Third, courts ask whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

New Hampshire v. Maine, 532 U.S. 742, 743 (2001). "The purpose of the doctrine is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." Id.

3

Within the bankruptcy context, "a party is judicially estopped from asserting a cause of action not . . . mentioned in the debtor's schedules or disclosure statements." Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 783 (9th Cir. 2001). The Ninth Circuit has adopted the Fifth's Circuit's rationale for applying the doctrine of judicial estoppel in the bankruptcy context which states:

> The rationale for . . . decisions [invoking judicial estoppel to prevent a party who failed to disclose a claim in bankruptcy proceedings from asserting that claim after emerging from bankruptcy] is that the *integrity of the bankruptcy system depends on full and honest disclosure by debtors of all of their assets*. The courts will not permit a debtor to obtain relief from the bankruptcy court by representing that no claims exist and then subsequently to assert those claims for his own benefit in a separate proceeding. *The interest of both the creditors, who plan their actions in bankruptcy proceedings on the basis of information supplied in the disclosure statements, and the bankruptcy court, which must decide whether to* [grant a discharge of debtor's pre-petition debt] *on the same basis, are impaired when the disclosure provided by the debtor is incomplete.*

Id. at 785. "The Bankruptcy Code and Rules 'impose upon the bankruptcy debtors an express, affirmative duty to disclose all assets, *including contingent and unliquidated claims*.'" Id. (internal citation omitted). Additionally, "[a] discharge of debt by a bankruptcy court . . . is sufficient acceptance to provide a basis for judicial estoppel[.]" Id. at 784.

Applying the factors of judicial estoppel enumerated by the United States Supreme Court, the Court finds that Plaintiff is barred by the doctrine of judicial estoppel from asserting the claims presented in her complaint. The Court will address each factor in turn.

i. Inconsistent Positions

Here, Plaintiff clearly asserted inconsistent positions. Plaintiff argues that her positions are the same in both the bankruptcy proceeding and the current action, which is that Plaintiff does not owe a debt to Defendants. However, Plaintiff is incorrect in her analysis. Plaintiff filed this current litigation against Defendants in January 2012. Then in December 2012, Plaintiff filed a voluntary Chapter 7 bankruptcy petition. In her Statement of Financial

4

Affairs, Plaintiff failed to list the January 2012 litigation against Defendants. On her bankruptcy schedules, Plaintiff failed to list her claims against Defendants as assets.[1] Thus, Plaintiff's bankruptcy position was that the current lawsuit and claims did not exist. However, Plaintiff's position now is that such pre-petition claims do exist. Plaintiff is pursuing said claims in this current action. Accordingly, the Court finds that Plaintiff's positions are inconsistent.

### ii. Success In Asserting Prior Position

Here, Plaintiff succeeded on her prior position in the bankruptcy proceeding. Plaintiff argues that she was not successful in asserting her bankruptcy position because she did not receive a discharge of the debt related to the property at issue. The Court rejects this argument. Plaintiff received a discharge of debt by the bankruptcy court in March 2013. According to the bankruptcy schedules and Statement of Financial Affairs, Plaintiff's position within the bankruptcy proceeding was that the January 2012 lawsuit and any claims against Defendants did not exist. Under that context, the bankruptcy court discharged Plaintiff of her debts. Thus, the Court finds that Plaintiff was successful in persuading the bankruptcy court to accept the Plaintiff's position that there were no current lawsuits or claims against Defendants in the bankruptcy proceeding.

### iii. Unfair Advantage or Unfair Detriment

Plaintiff's failure to list her current lawsuit and claims against Defendants on her bankruptcy Statement of Financial Affairs and schedules deceived Plaintiff's creditors, Trustee, and the bankruptcy court. By filing a voluntary Chapter 7 bankruptcy petition, Plaintiff received relief of the automatic stay and the benefit of a discharge of her pre-petition debt. The

---

[1] Plaintiff argues that notification of the January 2012 lawsuit and claims was given to Trustee via (1) the 341a meeting, (2) the fact that debt owed to BOA was marked as DISPUTED in Schedule D of Plaintiff's bankruptcy petition, and (3) an email conversation with Trustee. However, the Court finds such disclosures insufficient. 11 U.S.C. § 521(a)(1) only allows disclosure by way of the debtor's schedules and the statement of financial affairs. 11 U.S.C. § 521(a)(1). The Ninth Circuit has held that "notif[ication to] the [bankruptcy] trustee by mail or otherwise [of an asset of the bankruptcy estate] is insufficient [to be in compliance with 11 U.S.C. § 521(a)(1) and] to escape judicial estoppel." Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 784 (9th Cir. 2001). Plaintiff failed to adhere to the express methods of disclosure in § 521. All other methods of disclosure are insufficient. Therefore, the Court rejects Plaintiff's argument.

bankruptcy court and Plaintiff's creditors relied on Plaintiff's bankruptcy schedules and Statement of Financial Affairs as being accurate when they determined what actions they would take in the matter. Failure of Plaintiff to disclose the current lawsuit and claims in her bankruptcy schedules and Statement of Financial Affairs imposed an unfair detriment upon the bankruptcy court and Plaintiff's creditors. Accordingly, the Court finds that Plaintiff was provided an unfair advantage and Plaintiff's creditors and the bankruptcy court were detrimentally impaired when Plaintiff's bankruptcy disclosures were incomplete.

In sum, Plaintiff's positions in this case are totally inconsistent with those taken in the bankruptcy proceeding. Plaintiff was successful in persuading the bankruptcy court to accept Plaintiff's bankruptcy position. Finally, Plaintiff was able to impose a detriment upon the bankruptcy court and Plaintiff's creditors and derive an unfair advantage by asserting an inconsistent position. Therefore, Plaintiff is judicially estopped from pursuing the January 2012 lawsuit and associated claims against Defendants. However, even if the doctrine of judicial estoppel did not apply, the complaint would still be subject to dismissal on standing grounds.

### C.  Standing

To meet Article III's standing requirements, the party invoking federal jurisdiction bears the burden to show that it has (1) suffered "an invasion of a legally protected interest which is (a) concrete and particularized and (b) 'actual or imminent, not 'conjectural' or hypothetical''"; (2) that the injury is "fairly . . . trace[able] to the challenged action of the defendant"; and (3) that it is "'likely', as opposed to merely 'speculative', that the injury will be 'redressed by a favorable decision.'" Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (internal citations omitted).

The commencement of a case in bankruptcy creates an estate. 11. U.S.C. § 541(a). Property of the bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C.§ 541(a)(1). The scope of Section 541 is broad, and includes causes of action. United States v. Whiting Pools, Inc., 462 U.S. 198, 205

& n. 9 (1983); see also Sierra Switchboard Co. v. Westinghouse Elec. Corp., 789 F.2d 705, 707 (9th Cir. 1986).  A trustee is the representative of the bankruptcy estate.  11 U.S.C. § 323(a). Once the bankruptcy petition is filed, the trustee is vested with all of the bankrupt's property. Stein v. United Artists Corp., 691 F.2d 885, 890 (9th Cir. 1982).

Accordingly, a "bankrupt may assert title to assets that have been abandoned by the trustee, in addition to assets administered by the trustee and intended to revest in the debtor."  Id. The Ninth Circuit holds that "[w]hen the bankrupt fails to list an asset, he cannot claim abandonment because the trustee has had no opportunity to pursue the claim."  Id. at 891. Moreover, for a debtor to pursue a pre-petition lawsuit "[t]he proper procedure [is to bring] [] a petition to the bankruptcy court to reopen proceedings and determine whether the claims should be administered or abandoned."  Id. at 891-92.

The Court finds that Plaintiff does not have standing to pursue her claims in this forum. Plaintiff has filed a lawsuit that pre-dates her bankruptcy petition.  In addition, all the claims in her lawsuit accrued prior to the filing of her bankruptcy petition.  Thus, the lawsuit and the claims are included within the bankruptcy estate.  The Trustee has the exclusive legal and equitable right to the Plaintiff's property within the bankruptcy estate.  Pursuant to Whiting Pools, Inc., these claims for damages belong to the trustee in bankruptcy.  Accordingly, Plaintiff lacks standing to bring said claims on her own behalf.  Moreover, as Plaintiff's bankruptcy was discharged in March 2013, she must petition the bankruptcy court to reopen proceedings in order that it may be decided whether the trustee should enforce Plaintiff's claims for the benefit of creditors or whether to abandon said claims.

D.  Sanctions

Defendants' two paragraph Motion fails to meet their burden to establish that the current litigation brought by Plaintiff was in bad faith, vexatious, wanton, or done for oppressive reasons.  Further, the Court declines to sanction Plaintiff for bankruptcy counsel's failure to list

///

7

the January 2012 litigation and associated claims in Plaintiff's bankruptcy petition. Therefore, the Court denies the motion for sanctions.

IV.  Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (#57) is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants' Motion for Sanctions (#58) is **DENIED**;

**IT IS FURTHER ORDERED** that all other outstanding motions are **DENIED as moot**;

**IT IS FURTHER ORDERED** that the Clerk of the Court enter **JUDGMENT** for Defendants and against Plaintiff.

DATED this 16th day of July 2014.

_____
Kent J. Dawson
United States District Judge